**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 03-4544

REGINALD HARDY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-03-7)

Submitted: November 14, 2003

Decided: December 22, 2003

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Reginald Hardy appeals from his conviction and sentence for pos-
session of a firearm by a convicted felon. On appeal, he asserts that
the district court erred by (1) denying his motion for a mistrial follow-
ing statements made by an uncontrollable witness and (2) overruling
his objection to the inclusion of one criminal history point based on
hearsay rather than an official judgment order. We affirm.

The denial of a mistrial is reviewed for an abuse of discretion.
*United States v. Dorsey*, 45 F.3d 809, 817 (4th Cir. 1995). To show
an abuse of discretion, the defendant must show prejudice. *Id.* Hardy
contends that witness Alfreda Hawkins' testimony violated Federal
Rule of Evidence 404(b), which prohibits prior bad acts evidence to
show later action in conformity therewith. While the Rule provides
for exclusion of such evidence admitted to show character, it does not
require exclusion of such evidence offered to establish opportunity,
motive, intent, preparation, plan, knowledge, identity, or absence of
mistake. Fed. R. Evid. 404(b).

Here, while Hawkins' unsolicited statements were unresponsive,
there were only two occasions on which her statements could be con-
strued as describing bad acts. However, since these comments also
described Hardy's actions and helped to prove that he knowingly and
unlawfully possessed a firearm, the statements were not excludable
under Rule 404(b).

Moreover, even assuming that the evidence was improper, Hardy
has failed to show that he suffered prejudice from Hawkins' testi-
mony. The police testified that they found Hardy with the firearm
lying between his shirt and the jeans that contained his wallet and
within arm's reach of where he was sleeping. Thus, even if Hawkins'
testimony were completely disregarded, there was still sufficient evi-

dence from which the jury could have found Hardy guilty. Thus, Hardy's motion for a mistrial was properly denied.

This court reviews the district court's factual findings at a sentencing hearing for clear error. *United States v. Lamarr*, 75 F.3d 964, 972 (4th Cir. 1996). The party that objects to a finding in a presentence report has the burden of making an affirmative showing that the information is inaccurate. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). In the absence of such a showing, the sentencing court may adopt the findings of the presentence report without further inquiry. *Id.*

Here, Hardy never claimed that he had not received the conviction, and he made no showing that the information in the presentence report was inaccurate. Thus, the trial court did not err by accepting the presentence report. In addition, the information in the report was sufficiently reliable. *See id.* at 607 (holding that uncorroborated hearsay evidence may be properly considered at sentencing). Accordingly, there was no error in calculating Hardy's criminal history.

Thus, we affirm Hardy's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*